UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

IN RE:

FIRST KOREAN CHRISTIAN CHURCH OF SAN JOSE,

    Debtor.

Case No. 5:16-cv-01959-EJD

**ORDER GRANTING APPELLEE'S MOTION TO DISMISS**

Re: Dkt. No. 22

This is an appeal from the denial of a motion to dismiss in a bankruptcy case. As the court understands it, the appellant is Pastor Dong Wu Kim ("Appellant"), though his counsel purports in his pleadings to represent "(Real Party in Interest) First Korean Christian Church of San Jose." Whatever the reason for it, the style of Appellant's pleadings injects some amount of confusion into the record because the Church itself appears to be represented by other counsel and has appeared as the Appellee in this action. In any event, the individual with true authority over the interests of the Church has been presented as an issue in the bankruptcy, and the parties concur that the bankruptcy court's opinion on the matter informed its ruling on the motion to dismiss.

Appellee now moves to dismiss this proceeding for lack of appellate jurisdiction. Dkt. No. 22. Appellant opposes.

"Jurisdiction over an appeal from an order of a bankruptcy court is governed by 28 U.S.C. § 158." In re Frontier Props., Inc., 979 F.2d 1358, 1362 (9th Cir. 1992). That statute lists categories of appeals from the bankruptcy court over which the district court may exercise appellate jurisdiction: (1) appeals "from final judgments, orders, and decrees," (28 U.S.C. § 158(a)(1)); (2) appeals from "interlocutory orders and decrees issued under section 1121(d) of title

Case No.: 5:16-cv-01959-EJD
ORDER GRANTING APPELLEE'S MOTION TO DISMISS
1

11 increasing or reducing the time periods referred to in section 1121 of such title," (28 U.S.C.§ 158(a)(2)); and (3) appeals "with leave of court, from other interlocutory orders and decrees," (28 U.S.C. § 158(a)(3)).

As to § 158(a)(1), a decision is considered "final and . . . appealable where it 1) resolves and seriously affects substantive rights and 2) finally determines the discrete issue to which it is addressed." In re AFI Holding, Inc., 530 F.3d 832, 836 (9th Cir. 2008) (quoting In re Lazar, 237 F.3d 967, 985 (9th Cir. 2001)). But when "'further proceedings in the bankruptcy court will affect the scope of the order, the order is not subject to review in this court under [section 158].'" Farber v. 405 N. Bedford Dr. Corp. (In re 405 N. Bedford Dr. Corp.), 778 F.2d 1374, 1377 (9th Cir. 1985) (quoting Four Seas Center Ltd. v. Davres, Inc. (In re Four Seas Center, Ltd.), 754 F.2d 1416, 1418 (9th Cir. 1985)).

Here, though Appellant argues otherwise, jurisdiction does not arise under § 158(a)(1) because the order designated in the Notice of Appeal is not sufficiently final. The bankruptcy court's ruling on the motion to dismiss did not affect Appellant's substantive rights because he does not convincingly demonstrate how the bankruptcy court's identification of the CEO for the Church's corporate entity translates into significant loss of position, let alone irreparable harm (Dunkley v. Rega Props., Ltd. (In re Rega Props., Ltd.), 894 F.2d 1136, 1138 (9th Cir. 1990)), particularly when Appellant himself recognizes that governance and control of the Church's entity and assets remain at issue. Moreover, additional contemplated rulings from the bankruptcy court on those same topics show that further proceedings will affect the scope of the order currently on appeal.

Nor does jurisdiction arise under § 158(a)(2); indeed, the order denying the motion to dismiss does not implicate any of the time issues governed by 11 U.S.C. § 1121.

Finally, as to § 158(a)(3), the court is unable to locate along with Appellant's Notice of Appeal the motion contemplated by Federal Rule of Bankruptcy Procedure 8004(a)(2). Under these circumstances, the court finds it appropriate to construe the Notice of Appeal as a motion for leave to appeal. Fed. R. Bankr. P. 8003. It therefore examines the order to determine whether

Case No.: 5:16-cv-01959-EJD
ORDER GRANTING APPELLEE'S MOTION TO DISMISS

2

they involve "a controlling question of law as to which there is substantial ground for difference" that, if decided immediately, "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); see In re Bertain, 215 B.R. 438, 441 (B.A.P. 9th Cir. 1997); see also In re Betta Prods., Inc., No. C 07-04825 WHA, 2007 U.S. Dist. LEXIS 81621, at*3-4, 2007 WL 3023044 (N.D. Cal. Oct. 15, 2007). No controlling question of law presents on this record because, as implied above, disposition of the bankruptcy estate would need to occur whether Appellant or another individual is deemed to govern the Church. Thus, review of this interlocutory would not materially advance the ultimate termination of the litigation.

For these reasons, the motion to dismiss (Dkt. No. 22) is GRANTED. This appeal is DISMISSED for lack of jurisdiction. The Clerk shall close this file.

**IT IS SO ORDERED.**

Dated: September 29, 2017

EDWARD J. DAVILA
United States District Judge

Case No.: 5:16-cv-01959-EJD
ORDER GRANTING APPELLEE'S MOTION TO DISMISS
3